Sue PROSSER *v.* William F. EVERETT, Director of Labor, and ROSEBURG PUBLIC SCHOOLS

E 81-364                                             631 S.W. 2d 24

Court of Appeals of Arkansas
Opinion delivered April 7, 1982

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

JAMES R. COOPER, Judge. The appellant was a school teacher in the Fort Smith Public Schools. During the 1980-81 school year, the appellant moved to Oregon to accompany her spouse to a new residence. She obtained employment there as a substitute teacher and finished the school year in that capacity. At the end of that school year, she moved from Roseburg, Oregon to Antioch, California, again to accompany her spouse. The record indicates that she has actively sought work as a school teacher in California, but that at the time of this hearing, she was still unemployed.

The Board of Review decided that appellant had "a reasonable assurance of performing services in the second academic year or term", and held that she was ineligible under Ark. Stat. Ann. § 81-1105 (g) (Supp. 1981). That section of the Act provides:

(1) With respect to service performed in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two [2] succesive academic years, or terms, or, during a similar period between two [2] regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a *reasonable assurance* that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms, and (2) With respect to services performed in any other capacity for an educational institution (other than an institution of higher education as defined in subsection 2 (t) [§ 81-1103 (t)], benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two [2] successive academic years or terms if such individual performs such services in the first of such academic

years or terms and there is a *reasonable assurance* that such individual will perform such services in the second of such academic years or terms, and (3) With respect to any services described in paragraph (1) or (2), compensation payable on the basis of such services shall not be payable to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation or holiday recess, and there is a *reasonable assurance* that such individual will perform such services in the period immediately following such vacation period or holiday recess. [Emphasis added].

The evidence shows that appellant had worked in an educational institution during the 1980-81 school year, and that she was seeking employment in California as a school teacher. It does not show that she had a contract to teach in the next school year, or that she had a promise of such a contract.

Thus, the only basis on which she could be disqualified was the Board's finding that she had a "reasonable assurance" of teaching school in the next school year. There is no evidence whatsoever to support such a finding. The most that can be said is that appellant was seeking such employment, and hoped to obtain it.

Employment Security Division, Regulation No. 24, provides:

That "reasonable assurance" means a written, verbal or implied agreement.[1]

The facts of this case clearly show that, under the Director's definition of "reasonable assurance", appellant was entitled to benefits. There is no evidence which shows that the appellant had a "written, verbal or implied agreement" to teach school in the 1981-82 school year.

---

[1]Regulation No. 24 was adopted January 1, 1978, and amended October 1, 1981.

We hold that, on these facts, appellant had no "reasonable assurance" that she would perform the services of a school teacher in the 1981-82 school year, and that she is eligible for benefits. The decision of the Board of Review is reversed, and the case remanded for the entry of an order allowing appellant all the benefits to which she is entitled under the Act and this opinion.

Reversed and remanded.