
# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV–15–413

| | |
|---|---|
| ERIN LANE POTTS<br>APPELLANT<br><br>V.<br><br>TIMOTHY D. POTTS, JR.<br>APPELLEE | **Opinion Delivered** December 16, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. DR–2013–858]<br><br>HONORABLE JIM D. SPEARS, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## M. MICHAEL KINARD, Judge

Appellant Erin Potts challenges the trial court's findings regarding the division of property and child custody in this divorce case. Erin and Timothy Potts were married in January 2010 and had a daughter in August 2012. Timothy filed for divorce in October 2013, and both parties sought sole custody. A divorce decree was entered in January 2015 awarding the parties joint custody and making a division of property. We affirm in part and reverse and remand in part.

At the July 29, 2014 hearing, the parties announced a custody agreement, although it had not yet been reduced to writing. Timothy's attorney stated that the agreement was for "true joint custody" with the parties alternating custody every week. The agreement included the right of first refusal to care for the child when the party with custody was unable. When this option was exercised, the parties agreed that the other parent would have

SLIP OPINION

the right to make up that time. The agreement was for Timothy, a school teacher, to make up lost time during school breaks. If those time periods did not suffice, another option was for him to keep the child overnight on Fridays during Erin's weeks of custody. Erin's attorney clarified some provisions and stated that if one party exercised substantially more time than the other party through the right of first refusal, the make-up time could be accomplished by visitations with advance notice.

Testimony was taken only to establish the grounds for divorce and residency. The parties informed the court that they were still working on a property settlement; therefore, no decree would be entered until a settlement was reached.

On November 4, 2014, Timothy filed a motion to modify order, although he acknowledged that a divorce decree had not yet been entered. Erin did not work outside the home and had been keeping the child pursuant to the right of first refusal while Timothy worked. Timothy alleged that Erin had been uncooperative in allowing him to make up his lost time with the child. He requested that he be awarded sole custody or that the court terminate the right of first refusal. Erin denied the allegations, alleged that it was in the child's best interest to be watched by her rather than strangers while Timothy worked, and alleged that no make-up time should be required when a parent is working.

Thereafter, the parties' attorneys sent numerous letters to the court regarding custody and property-division issues. Regarding custody, Erin proposed a decree setting out specific times when school was on break for Timothy to make up his lost time. Timothy responded that Erin's proposal did not reflect the parties' agreement or solve the issue raised in his

motion. He attached a proposed decree that he claimed represented the parties' agreement and requested a hearing on his motion to modify. Erin requested that the court order mediation if it did not approve of her proposed decree. The court responded in a letter that it was setting aside the right of first refusal because it had become "too cumbersome." Erin then requested that the court refrain from making any modifications until evidence had been presented at a hearing.

Regarding property division, Erin requested that the court give the parties ninety more days for settlement negotiations and order mediation if negotiations failed. Timothy informed the court that Erin had not provided a counteroffer and asked that the court hold a hearing if they could not reach an agreement in thirty days. In a November 21, 2014 letter, the court gave the parties ten days to reach an agreement or the house and its contents would be sold. The court stated that it did "not feel a hearing on this matter would be beneficial due to the fact that I am fully aware of the position of each of you and your clients and no other factual conclusions could be resolved."

Timothy's attorney sent another letter arguing that the house should not be sold because it was premarital property and enclosing a copy of the deed, the assessment, and a recent appraisal showing the home had decreased in value. Erin asked for ten more days for settlement negotiations, and Timothy informed the court that he had still not received a counteroffer from Erin. A letter from the judge dated December 10, 2014, stated that he saw no reason for an additional hearing, that the parties had until December 19 to reach a property agreement, and that Erin would be entitled to equity resulting from the mortgage's

principal reduction paid by marital funds.

On January 27, 2015, Timothy's attorney sent the court a letter with two proposed decrees. One decree ordered all personal property be sold; the other contained a division of property that his attorney claimed was "very close" to the only proposal they had ever received from Erin. A divorce decree was entered on February 4, 2015, dividing the parties' property and debts and providing for joint custody pursuant to the parties' agreement but without the right of first refusal. Erin filed a motion for reconsideration, arguing that the decree included multiple provisions to which she never agreed and for which no testimony had been given. Erin's motion was denied, and she timely appealed.

Erin first argues that the trial court's findings as to the parties' assets and how they should be divided are clearly erroneous because they are not supported by any evidence. She argues that the court could not evaluate the credibility of witnesses or decide what was equitable because it took no testimony on property division, and the information provided by Timothy's counsel in letters did not constitute evidence.

Erin fails, however, to identify any specific division of property with which she disagrees or explain what evidence she would have presented at a hearing. It is the appellant's burden to demonstrate and explain reversible error. *Lowder v. Gregory*, 2014 Ark. App. 704, 451 S.W.3d 220. In *Lowder*, the appellant complained that she was not allowed to present additional evidence at the final hearing. We declined to reverse, stating that "she does not explain what particular proof she was prohibited from admitting into evidence or how she was prejudiced by its exclusion."

4

Erin's attorney repeatedly asked for more time to reach a settlement, which the trial court allowed. Timothy's last letter urged the court to enter his proposed decree reflecting a property division very close to what Erin wanted, and Erin did not respond. The record does not show that Erin ever proposed a property division to the trial court or identified any specific property that was in dispute upon which she wanted the court to hold a hearing. Nor has she identified any such property on appeal. She has failed to explain what proof she was prohibited from presenting or how she was prejudiced by its exclusion. We will not reverse in the absence of a showing of prejudice. *Lowder, supra.* Thus, we affirm the trial court on the issue of property division.

Erin next argues that the trial court erred when it modified the custody agreement without a hearing. She contends that the agreement announced on July 29, 2014, should have remained in effect until a hearing. Erin claims that she was prejudiced because the parties' agreement may have been materially different without the right of first refusal.

Prior to the entry of the divorce decree, the parties were no longer in agreement with regard to custody, and they both requested a hearing. Although the decree purported to be "pursuant to the parties' agreement," it did not represent the entire agreement because it left out the right of first refusal. Timothy argues that the court found that elimination of the right of first refusal was in the best interest of the child. However, no evidence was ever submitted regarding the child or her care.

With regard to custody and visitation, the primary consideration is the welfare and best interest of the child. *Black v. Black*, 2015 Ark. App. 153, 456 S.W.3d 773. On appeal,

we perform a de novo review, but we will not reverse unless the findings are clearly erroneous. *Id.* Factual findings must be based on evidence. *See Blaylock v. Blaylock*, 2011 Ark. App. 3. In this case, no testimony was ever taken regarding custody, visitation, or the best interest of the child. When a parent is denied the opportunity to present evidence, we have reversed the trial court's decision to grant or deny custody and visitation modifications. *See Simmering v. Simmering*, 2014 Ark. App. 722, 452 S.W.3d 592; *Johnson v. Cheatham*, 2014 Ark. App. 297, 435 S.W.3d 515. Here, Erin was denied the opportunity to submit evidence regarding the initial custody determination when the agreement fell apart. We therefore reverse and remand the custody determination for further proceedings consistent with this opinion.

For her final argument, Erin contends that the trial court erroneously omitted from the divorce decree the parties' agreement that Timothy would relocate to Northwest Arkansas. We do not address this argument because the custody issue is reversed and remanded.

Affirmed in part; reversed and remanded in part.

GLADWIN, C.J., and ABRAMSON, J., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Medlock, Gramlich & Sexton, LLP*, by: *Sam Sexton III*, for appellee.