Cite as 2022 Ark. App. 216

# ARKANSAS COURT OF APPEALS

DIVISION III

No. E-21-254

| | |
|---|---|
| | Opinion Delivered May 11, 2022 |
| JANICE JOHNSON | APPEAL FROM THE ARKANSAS |
| APPELLANT | BOARD OF REVIEW |
| | [NO. 2021-BR-00809] |
| V. | |
| DIRECTOR, DEPARTMENT OF | |
| WORKFORCE SERVICES | |
| APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

In this briefed employment-security case, Janice Johnson appeals the Arkansas Board of Review's decision denying her claim for unemployment benefits. We affirm.

Janice Johnson has been employed by the Newport School District (District) as a substitute teacher since 2013. In this capacity, Johnson did not have a written contract with the District; instead, as was the District's general practice, she was placed on the District's substitute-teacher list and was contacted at the beginning of each school year to confirm her availability. The District would then utilize Johnson on an as-needed basis when a vacancy within teaching staff arose.

During the 2019–2020 academic year, Johnson was working for the district as a substitute teacher, again on an as-needed basis. In March 2020, the district shut down per the governor's executive orders in response to the COVID-19 pandemic; the children were

no longer provided in-person educational services; and Johnson was no longer needed as a substitute.

Johnson filed an application for unemployment benefits, claiming that she had been laid off from her employment with the District. The Department of Workforce Services (DWS) reviewed Johnson's application and denied her claim for benefits from May 31 through August 15, citing Arkansas Code Annotated section 11-10-509(A) (Repl. 2012), which, in essence, makes teachers ineligible for benefits during summer breaks as long as there is a reasonable assurance of performing services in the next academic year.

Johnson filed a timely appeal of the DWS determination to the Appeal Tribunal. The Tribunal issued a notice-of-hearing letter to Johnson dated February 12, 2021, scheduling a hearing for March 1, 2021. On February 24, Johnson wrote a letter to the Tribunal. She claimed that she had not received the notice-of-hearing letter until February 20. She stated that she needed a copy of the case file and requested a continuance so that she could obtain legal representation. Her request for a continuance was denied, but she was informed that if she obtained counsel, counsel could request a continuance if necessary.

As scheduled, Johnson appeared pro se before the Tribunal. At the start of the hearing, Johnson informed the hearing officer that she had contacted legal aid, but they had not had time to review the file. She advised that she had previously asked for a postponement but was ready to represent herself. The hearing proceeded as scheduled.

After hearing testimony from Johnson and a representative from the District, the Tribunal issued its decision denying Johnson's claims for benefits. The Tribunal concluded,

2

pursuant to Arkansas Code Annotated section 11-10-509, that Johnson worked for the District (an academic institution) in an instructional capacity; had performed services for the District in the previous academic term; and had returned to work when the next term commenced.

Through counsel, Johnson filed a notice of appeal to the Board of Review. Her counsel requested and received a complete copy of Johnson's file, including the proceedings before the Tribunal.[1] The Board held a hearing and took additional testimony.[2] Before the Board, Johnson was represented by counsel.

In the proceedings before the Board, Johnson claimed that the Tribunal's decision should be reversed because section 11-10-509 was inapplicable. She contended that when she filed her claim for unemployment benefits, she did not have a contract with the District, nor did she have any reasonable assurance of employment. She further claimed a denial of due process when the Tribunal denied her request for a continuance to retain counsel and denied her access to her file prior to the hearing.

Thereafter, the Board issued a decision affirming the determination of the Appeal Tribunal. Citing Arkansas Code Annotated section 11-10-509, the Board found that Johnson was employed by an educational institution prior to the filing of her claim for

---

[1]Johnson's counsel acknowledged receiving the Appeal Tribunal file prior to the hearing.

[2]The witnesses before the Board were the same as those who previously testified before the Tribunal, and the testimony was essentially the same as that provided before the Tribunal.

benefits. While acknowledging that Johnson did not have a formal contract of employment, the Board found that Johnson received a "reasonable assurance" of continued employment for the next school year, thereby making her ineligible for benefits while between terms.

Johnson has now appealed, raising two points. She first argues that, because she did not have a contract or reasonable assurances of employment in the fall 2020 term, the Board erred in concluding that she should be disqualified from receiving unemployment benefits under Arkansas Code Annotated section 11-10-509. She also asserts that the Board violated her due-process rights by denying her continuance requests; by relying on evidence produced from the Appeal Tribunal hearing conducted without counsel present; and by failing to produce the Appeal Tribunal file to her attorney prior to or at the Board hearing.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, 618 S.W.3d 446. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence on which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.* While our role in these cases is limited, we are not

here to merely ratify the decision of the Board. *Id.* Instead, our role is to ensure that the standard of review has been met. *Id.* With these standards in mind, we turn our attention to the evidence before the Board and its findings.

The Board found Johnson to be ineligible for benefits under Arkansas Code Annotated section 11-10-509, which provides,

> (a) With respect to service performed in an instructional, research, or principal administrative capacity as an employee of an educational institution, benefits shall not be paid based on services for any week of unemployment commencing during the period between two (2) successive academic years or terms, during a similar period between two (2) regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract to any individual if:

> (1) The individual performs the services in the first of the academic years or terms; and

> (2) There is a contract or a reasonable assurance that the individual will perform services in any such capacity as an employee of any educational institution in the second of the academic years or terms.

Johnson contends that this statute was enacted to "prevent subsidized summer vacations for those teachers who are employed during one academic year and who are reasonably assured of resuming their employment the following year." *Leissring v. Dep't of Indus., Lab. & Hum. Rels.*, 340 N.W.2d 533, 539 (Wis. 1983). In contrast, "a teacher who is unemployed at the end of the year and realistically may remain unemployed in the fall, is not seeking benefits simply because he or she wants a subsidized summer vacation." *Id.* She claims she falls within the latter category. We disagree.

The Board heard consistent testimony from both Johnson and the District. Johnson worked as a substitute teacher on an as-needed basis. In this capacity, she did not have a

written agreement with the District. Johnson, however, described her employment as a verbal agreement that she would return as a substitute teacher for the next term at the same pay.[3] During the spring 2020 term, the District experienced an interruption in the provision of educational services due to COVID-19 and discontinued in-classroom instruction on March 13, 2020. As a result, substitute teachers, including Johnson, were no longer needed after March 12, 2020. At the end of May 2020, the District recessed for the summer. Johnson admitted that during her eight years of employment with the District, she never worked during the summer recesses. In August of 2020, the District resumed in-classroom instruction, and Johnson returned to work as a substitute teacher. In essence, Johnson was out of work from March 13 to August 24 because no work was available due to COVID-19 and due to the normal summer recess during education terms. She had not been fired or laid off but returned to work at the next educational term available. After hearing all the testimony, the Board found as follows:

> The claimant had worked as a substitute teacher for the employer for eight years under the same agreement of employment. The claimant's last term of employment ended early and the next term began late due to pandemic concerns. The claimant's employment restarted in the same manner as prior years with a call from the district secretary. By its very nature there is uncertainty as to when and how much employment a substitute teacher will perform. The pandemic concerns during the most recent school terms did not change the fact that the claimant had a "reasonable assurance" of employment between terms and in fact returned to employment.

---

[3]The District confirmed through testimony that Johnson had been on the list for substitute teachers since 2013 and that at the beginning of each term, the District would contact her to confirm her willingness to remain on the list for service.

As a result, the Board concluded that Johnson enjoyed a reasonable assurance of employment between terms and was ineligible for benefits.

Citing *Prosser v. Director*, 4 Ark. App. 344, 631 S.W.2d 24 (1982), Johnson claims that she was not reasonably assured of employment for the following term. In *Prosser*, the claimant was a schoolteacher who moved out of state and was actively seeking employment there. This court held that she was entitled to benefits because she did not have a "written, verbal or implied agreement" to teach school the next school year and, thus, did not have reasonable assurance of employment under the statute. *Id.* at 25, 631 S.W.2d at 346.

Here, Johnson claims that the Board improperly conflates her subsequent employment with the district with a preexisting assurance of employment. As such, it erred in finding that an implied agreement existed where the district laid her off two months early and failed to contact her to request that she return to work until weeks after school was scheduled to resume.

Viewing the facts in the light most favorable to the Board's decision, we conclude that there was sufficient evidence to support the Board's conclusion that Johnson had reasonable assurance of employment for the next school year. Undisputedly, Johnson was a substitute teacher for the Newport School District and provided services to the District on an "as needed" basis.[4] In this capacity, she had been placed on the District's active substitute-

---

[4]Because Johnson was employed by the District as a substitute on an "as needed" basis, it is unclear how she could ever be "laid off" from her job or under what circumstances, if any, she would ever be entitled to unemployment benefits. However, these issues have not been raised by the parties, either below or on appeal and, thus, are not before us to decide.

teacher list since April 2013 and had remained on that list for the 2020–2021 school year. While placement on this list is not a guarantee that Johnson's services would be utilized by the District in any given school year, she does not dispute that every year since 2013, her placement on the list was sufficient for continued employment as a substitute teacher.[5] Thus, her "contract" with the District amounts to an "implied contract" for employment as a substitute teacher when her services are needed by the District. Undisputedly, Johnson did not provide services as a substitute teacher from March 12, 2020, until school resumed in August 2020, due to COVID-19 and the normal summer recess. However, Johnson never provided services as a substitute during any period of time in which in-person educational instruction was not being provided. COVID-19 did not change the nature of her employment relationship with the District. She was still "employed" by the District as a substitute teacher on an "as-needed" basis and remained so into the 2020–2021 school year. Accordingly, the Board did not err in concluding that she had "reasonable assurances" of continued employment under the statute and, therefore, was not entitled to benefits during the summer break.[6]

---

[5]Johnson claims that the District's failure to notify her of its intent to employ her in the fall of 2020 negated the Board's conclusion of being reasonably assured of continued employment. However, the evidence at the hearing clearly shows that she had never been provided any such notification in previous years; yet Johnson felt reasonably assured of continued employment in the past.

[6]Johnson also argues that the Board erred in considering the fact that the District subsequently utilized her services during the 2020–2021 school year to support its conclusion that she was reasonably assured of continued employment. Because we conclude

Finally, Johnson argues that she was denied her due-process rights at the Appeal Tribunal. She contends that she was not provided with a copy of her file prior to the hearing and was denied a continuance in order to obtain counsel. As a result, she contends that she was denied her right to obtain counsel and denied her right to confront adverse witnesses' hearsay testimony. She states that the Board tried to remedy this error by granting her a supplemental hearing, but the Board considered evidence presented at the prior hearing and again failed to provide her with a copy of her complete file, including a transcript of the testimony from the Appeal Tribunal, prior to the Board hearing.

First, the record reflects that a copy of Johnson's Appeal Tribunal file was mailed to Johnson on February 27, 2021, and mailed to her attorney on April 1, 2021. Counsel did not inform the court that she did not have a copy of the file; nor did she request a continuance to obtain a transcript of the previous hearing. Instead, she asked that the hearing before the Board be conducted de novo. The Board denied her request. Johnson claims that by treating the hearing as a supplemental hearing, the Board failed to provide her an opportunity to cross-examine the District's witness, call additional witnesses, or clarify her own testimony. Johnson fails to identify what evidence was improperly considered by the Board in reaching its conclusion; fails to identify what witnesses could have been called to rebut the District's testimony; and fails to identify what information she would have clarified if she had had the transcript prior to the hearing.

that there was sufficient evidence to support the Board's conclusion without this consideration, we need not reach the merits of her argument on this point.

Second, she further fails to adequately explain how she was prejudiced by the denial of the continuance given the fact that (1) she was allowed to reopen the hearing to present additional evidence after counsel was retained, and (2) she did not identify any evidence that was prejudicially admitted or excluded at the Appeal Tribunal hearing or any admission or exclusion that was not or could not have been remedied during the supplemental hearing at the Board level. Thus, she has failed to explain how she was prejudiced by treating the Board hearing as a supplemental hearing or how she was prejudiced by not having a copy of the transcript prior to that hearing. We do not reverse in the absence of a showing of prejudice. *Potts v. Potts*, 2015 Ark. App. 720, 479 S.W.3d 577.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Jaden Atkins* and *Christina Cole*, Legal Aid of Arkansas, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.